Filed 10/14/15

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MAHTA SHARIF,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MEHUSA, INC.,<br><br>    Defendant and Respondent. | B255578<br><br>(Los Angeles County<br>Super. Ct. No. BC490027) |

APPEAL from post-judgment orders of the Superior Court of Los Angeles County, Rolf M. Treu, Judge. Affirmed.

Kaplan Weiss, Jonathon Kaplan, Yitz E. Weiss for Plaintiff and Appellant.

Law Offices of Christopher K. Jafari, Christopher K. Jafari, Kiarash Jafari for Defendant and Respondent.

---

[*]    Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of the discussion in part II.

## INTRODUCTION

Plaintiff and appellant Mahta Sharif brought an action against her former employer, defendant and respondent Mehusa, Inc., for unpaid overtime (Lab. Code, § 1194[1]), unpaid wages (§ 201), and violation of California's Equal Pay Act (§ 1197.5). She prevailed on her Equal Pay Act claim with the jury awarding her $26,300. Defendant prevailed on plaintiff's overtime and wage claims. Plaintiff filed a cost memorandum and was awarded her costs. She also filed a motion for attorney fees under section 1197.5, subdivision (g) as the prevailing party on her Equal Pay Act claim. Defendant filed a motion for attorney fees and costs under section 218.5 as the prevailing party on plaintiff's wage claim. The trial court awarded plaintiff her attorney fees and defendant its attorney fees and costs. The trial court offset the attorney fees awards for a net award to plaintiff of $3,709.19.

On appeal, plaintiff contends that she was the sole prevailing party on a "'practical level'" and as that term is defined in Code of Civil Procedure section 1032, subdivision (a)(4). Accordingly, plaintiff contends, the trial court erred in awarding defendant its attorney fees and costs. Plaintiff also contends that the trial court abused its discretion in calculating her attorney fees. In affirming, we hold in the published portion of this opinion that when there are two fee shifting statutes in separate causes of action, there can be a prevailing party for one cause of action and a different prevailing party for the other cause of action.

---

[1]    All statutory citations are to the Labor Code unless otherwise noted.

2

## BACKGROUND[2]

Plaintiff filed a complaint against defendant alleging causes of action for unpaid overtime, unpaid wages, and violation of California's Equal Pay Act. After a trial, the jury returned a verdict in favor of plaintiff on her Equal Pay Act claim and awarded her $26,300.[3] The jury also returned verdicts in favor of defendant on plaintiff's overtime and wage claims.

After a judgment was entered in her favor, plaintiff submitted a memorandum of costs seeking $3,731.23 and moved for an award of $280,432 in attorney fees pursuant to section 1197.5, subdivision (g). Plaintiff's attorney fees request consisted of a lodestar amount[4] of $140,216 and a multiplier of two. Defendant did not challenge plaintiff's cost memorandum, and the clerk entered plaintiff's costs as requested. Defendant opposed plaintiff's attorney fees motion.

Pursuant to section 218.5, a statute covering attorney fees for wage claims, defendant filed a motion for attorney fees and costs in the total amount of $36,982.24, contending that it was entitled to its fees and costs as the prevailing party on plaintiff's wage claim. That amount represented 75 percent of the attorney fees and costs defendant spent in defending against plaintiff's entire action. Defendant estimated that 75 percent of defense counsel's time was spent defending against plaintiff's unsuccessful wage claim. Plaintiff filed a motion to strike or tax defendant's memorandum of costs on the grounds that plaintiff, having received a net monetary recovery against defendant, was the prevailing party within the meaning of Code of Civil Procedure section 1032,

---

[2] Because the claims on appeal concern post-trial motions for attorney fees and costs and not the substantive allegations in plaintiff's action, we dispense with a recitation of the facts adduced at trial in support of and in defense to plaintiff's action.

[3] The jury awarded plaintiff damages and interest in the amount of $13,150. Under section 1197.5, subdivision (g), an equal amount was awarded as liquidated damages, for a total award of $26,300.

[4] A lodestar amount consists of a reasonable number of hours expended multiplied by a reasonable hourly rate.

subdivision (a)(4), and defendant was not a prevailing party because it did not meet any of that section's prevailing party definitions. Plaintiff opposed defendant's attorney fees motion, arguing that in any action there can be only one prevailing party. She claimed that she was the prevailing party because she prevailed on a "'practical level'"—i.e., she prevailed on her Equal Pay Act claim and was awarded $26,300.

The trial court ruled that a plaintiff who prevails on an Equal Pay Act claim is entitled to its attorney fees under section 1197.5, subdivision (g). Accordingly, it ruled that plaintiff was entitled to reasonable attorney fees for prevailing on her Equal Pay Act claim.

The trial court ruled that section 218.5 is a two-way fee shifting statute that requires the award of reasonable attorney fees and costs to the prevailing party on wage claims. Relying on *Aleman v. AirTouch Cellular* (2012) 209 Cal.App.4th 556, 582-583 (*Aleman*), it further ruled that when there are multiple claims asserted in an action, to be a "prevailing party" under section 218.5, a defendant need not prevail on all of the claims, but only on those claims to which section 218.5 applies. It ruled that because the jury found for defendant on plaintiff's wage claim, defendant was the prevailing party as to that claim for purposes of a fee award under section 218.5.

The trial court found reasonable defendant's claim that it incurred total attorney fees of $39,993.08 in its defense of plaintiff's entire action and that defense counsel spent 75 percent of his time on the successful defense of plaintiff's wage claim. Accordingly, it granted defendant's request to be awarded 75 percent of its attorney fees or $31,344.81.[5]

The trial court stated that plaintiff claimed to have incurred attorney fees of $140,216 for the prosecution of her Equal Pay Act claim and for the preparation of the attorney fees motion. Plaintiff's counsel stated that he excluded fees for services rendered exclusively on the overtime and wage claims, but that the remaining fees

---

[5]    The award included an unreduced $1,800 in attorney fees for preparing the attorney fees motion.

4

included time spent on claims that were so intertwined with plaintiff's Equal Pay Act claim that it was impractical to apportion that time. The trial court noted defendant's argument that plaintiff's action focused on her wage claim and not on her Equal Pay Act claim, and found that defendant presented evidence that plaintiff's fee request included "time spent unrelated to the litigation of [plaintiff's Equal Pay Act cause of action]."

The trial court ruled, "Reviewing Plaintiff's attorney fees request and considering Plaintiff's limited success at trial, it appears that Plaintiff is unreasonably claiming almost all of the fees incurred in this action as being intertwined with the [Equal Pay Act cause of action]. Therefore, the Court will apply a three-fourths negative multiplier with no other adjustment. This results in attorney fees in favor of Plaintiff of $35,054." The trial court offset the $35,054 in attorney fees it awarded plaintiff with the $31,344.81 in attorney fees it awarded defendant, for a net attorney fees award of $3,709.19 to plaintiff.

The trial court also ruled that defendant was entitled to recover its costs for the same reason defendant was entitled to recover its attorney fees—i.e., under section 218.5 as the prevailing party on plaintiff's wage claim. Accordingly, the trial court denied plaintiff's motion to strike defendant's memorandum of costs. The trial court did, however, grant plaintiff's motion to tax certain of defendant's claimed costs, awarding defendant adjusted costs of $4,301.68.

## DISCUSSION

### I. Defendant's Attorney Fees and Costs Under Section 218.5

Plaintiff contends that she and not defendant was the sole prevailing party in this case on a "'practical level'" and under Code of Civil Procedure section 1032, subdivision (a)(4)[6] because she received a net monetary recovery by virtue of the jury's $26,300

---

[6] Code of Civil Procedure section 1032 provides, in relevant part:
"(a) As used in this section, unless the context clearly requires otherwise:
"[¶] . . . [¶]
"(4) 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor

5

award on her Equal Pay Act claim. Accordingly, plaintiff argues, the trial court erred in ruling that defendant was a prevailing party on plaintiff's wage claim and awarding defendant attorney fees and costs under section 218.5.[7]

### A. Attorney Fees

"Generally, a trial court's determination that a litigant is a prevailing party, along with its award of fees and costs, is reviewed for abuse of discretion. (See *Villa De Las Palmas Homeowners Assn. v. Terifaj* (2004) 33 Cal.4th 73, 94 [14 Cal.Rptr.3d 67, 90 P.3d 1223]; *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 [95 Cal.Rptr.2d 198, 997 P.2d 511].)" (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332.) When, however, the determination that a litigant is a prevailing party involves the interpretation of a statute, the issue concerns a matter of law that is reviewed de novo. (*Ibid.*)

"In general, a prevailing party may recover attorney's fees only when a statute or an agreement of the parties provides for fee shifting. [Citation.] Labor Code section 218.5 requires the awarding of attorney's fees to the prevailing party '[i]n any action

---

defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034.

"(b) Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

[7] Section 218.5 provides, in relevant part, "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." Section 218.5 was amended, effective January 1, 2014, to include the following provision: "However, if the prevailing party in the court action is not an employee, attorney's fees and costs shall be awarded pursuant to this section only if the court finds that the employee brought the court action in bad faith." (Stats. 2013, ch. 142, § 1.) The trial court ruled that the Legislature did not intend that the amendment apply retroactively—the judgment was entered on August 13, 2013, the hearing on defendant's attorney fees motion was held on March 20, 2014—and thus did not apply in this case.

6

brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions.'  This provision awards fees to the prevailing party whether it is the employee or the employer; it is a two-way fee-shifting provision."  (*Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244, 1248.)

The courts have repeatedly rejected the contention that the prevailing party definitions in section 1032, subdivision (a)(4) "should be automatically applied in cases where the authorizing attorney fees statute does not define prevailing party.  [Citations.]  [¶]  In the absence of legislative direction in the attorney fees statute, the courts have concluded that a rigid definition of prevailing party should not be used.  [Citation.]  Rather, prevailing party status should be determined by the trial court based on an evaluation of whether a party prevailed '"on a practical level,"' and the trial court's decision should be affirmed on appeal absent an abuse of discretion."  (*Donner Management Co. v. Schaffer* (2006) 142 Cal.App.4th 1296, 1310 (*Donner*).)  "Among the factors the trial court must consider in determining whether a party prevailed is the extent to which each party has realized its litigation objectives.  [Citations.]"  (*Zuehlsdorf v. Simi Valley Unified School Dist.* (2007) 148 Cal.App.4th 249, 257 (*Zuehlsdorf.*)

Plaintiff argues that she was a prevailing party for purposes of a fee award and entitled to a mandatory fee award by virtue of her $26,300 award on her Equal Pay Act claim.  Her success on only one cause of action and not others, she argues, required only an apportionment or reduction of fees and not an award of fees to defendant on plaintiff's "non-successful causes of action."  She further argues that defendant was not entitled to its attorney fees because it was not the prevailing party under Code of Civil Procedure section 1032.  By virtue of her $26,300 award, plaintiff reasons, she was the "prevailing party for purposes of any and all attorney fee awards."

Plaintiff is correct that she was entitled to an attorney fees award as the prevailing party on her Equal Pay Act claim.  Thus, the trial court correctly awarded her attorney fees under section 1197.5, subdivision (g) for her success on that claim.  The trial court did not award defendant fees at all on plaintiff's overtime claim, and it awarded

7

defendant attorney fees on plaintiff's wage claim because defendant was the prevailing party under section 218.5, the attorney fees statute for wage claims.

The trial court did not err in determining that defendant was the prevailing party on plaintiff's wage claim. In her complaint, plaintiff claimed that defendant failed to pay her $261,998.27 in wages. The jury found that defendant owed her nothing for wages. Thus, defendant was the "prevailing party" on plaintiff's wage claim—that is, it prevailed on a "practical level" (*Donner, supra,* 142 Cal.App.4th at p. 1310) and "realized its litigation objectives" (*Zuehlsdorf, supra,* 148 Cal.App.4th at p. 257). Accordingly, defendant was entitled to its attorney fees under section 218.5.

Plaintiff also contends that the trial court erred in interpreting *Aleman, supra,* 209 Cal.App.4th 556 to stand for the proposition that under section 218.5 prevailing party status is determined on a claim-by-claim basis. In *Aleman*, the defendant prevailed on a summary judgment motion on claims for reporting time and split shift pay. (*Aleman, supra,* 209 Cal.App.4th at pp. 564-565.) The trial court awarded the defendant its attorney fees for both claims under section 218.5. (*Aleman, supra,* 209 Cal.App.4th at p. 583.) The court of appeal held that the split shift claim was subject to the attorney fees provision in section 1194—a plaintiff's only fee shifting statute—and the reporting time claim was subject to the attorney fees provision in section 218.5—a prevailing party fee shifting statute. (*Aleman, supra,* 209 Cal.App.4th at pp. 562-563, 579.)

The court of appeal then addressed the effect of section 218.5's provision that "'[t]his section does not apply to any action for which attorney's fees are recoverable under Section 1194'"[8] on its holding that one of the plaintiff's claims was subject to

---

[8]    In the 2013 amendment to section 218.5, that provision was amended as follows: "This section does not apply to any cause of action for which attorney's fees are recoverable under Section 1194." (Stats. 2013, ch. 142, § 1.) Section 1194, subdivision (a) provides, "(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

section 1194 and the other was subject to section 218.5. (*Aleman, supra,* 209 Cal.App.4th at pp. 583-584.) It had to determine "whether, in the context of section 218.5, 'any action' means *any civil action* in which attorney fees are recoverable under section 1194, or whether 'any action' simply means *any cause of action.*" (*Aleman, supra,* 209 Cal.App.4th at pp. 583-584.) It concluded that "'any action' in section 218.5 refers to any 'cause of action'" and attorney fees thus could be awarded on the reporting time claim notwithstanding that the case also included a claim subject to section 1194. (*Aleman, supra,* 209 Cal.App.4th at p. 584.)

The court of appeal explained that "[a] contrary conclusion—that 'any action' means 'any civil action'—would be much more likely to result in mischief or absurdity. To take an example, Employee A, who first files one civil action for unpaid overtime compensation and then a separate civil action for unpaid regular wages, would face a potential adverse attorney fees award in the second lawsuit. Meanwhile, Employee B, who files a single civil action asserting claims for both unpaid overtime compensation and unpaid regular wages, would not be subject to any adverse fees award, even if he or she loses on both claims. Conversely, if 'any action' means 'any cause of action,' both Employee A and Employee B are potentially subject to adverse fee awards—clearly a more practical and equitable result." (*Aleman, supra,* 209 Cal.App.4th at p. 584.) Therefore, the court of appeal held, the trial court had to determine the reasonable amount of attorney fees awardable to the defendant for its defense of the claim for reporting time, apportioning fees incurred for separate causes of action as appropriate. (*Ibid.*)

Because the defendant in *Aleman, supra,* 209 Cal.App.4th 556 prevailed on both claims asserted, plaintiff contends that the case, correctly interpreted, merely stands for the unremarkable proposition that a trial court is to apportion an attorney fees award between causes of action that provide for fees and those that do not. Although *Aleman* is distinguishable because it did not concern competing attorney fees awards to different parties under separate attorney fees statues, it does stand for the proposition that a party is a prevailing party under section 218.5 when the party prevails on a claim for unpaid wages, even when such a claim is made with other claims on which attorney fees are not

9

recoverable. *Aleman* provides a useful framework for analyzing the issue in this case. That is, if plaintiff had brought her wage and Equal Pay Act claims in separate actions, defendant would have been entitled to recover its attorney fees in the action asserting the wage claim and plaintiff would have been entitled to recover her attorney fees in the action asserting the Equal Pay Act claim. There is no legal or logical reason why defendant should be precluded from recovering its attorney fees on plaintiff's wage claim simply because plaintiff combined her wage and Equal Pay Act claims in a single action. By providing that the prevailing party under one statute is entitled to fees, and that a different prevailing party under another statute is entitled to fees, the Legislature expressed an intent that there can be two different prevailing parties under separate statutes in the same action. Thus, a net monetary award to a party does not determine the prevailing party when there are two fee shifting statutes involved in one action.

### B. Costs

Plaintiff asserts that section 218.5 does not "define or dictate" how a trial court is to determine which party is the prevailing party for purposes of awarding costs. The prevailing party determination, plaintiff argues is "governed exclusively by Code of Civil Procedure section 1032, subdivision (a)(4)."

For cost awards under Code of Civil Procedure section 1032, subdivision (a)(4), there is a single prevailing party. (*Michell v. Olick* (1996) 49 Cal.App.4th 1194, 1198-1199.) Plaintiff quotes our opinion in *Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175, 189 for the proposition that, with respect to Code of Civil Procedure section 1032, "[i]f the Legislature had intended more than one party to qualify as a prevailing party under the mandatory cost award provision, it easily could have provided for the trial court to exercise discretion to award costs in the event that more than one party qualified as a prevailing party." Plaintiff contends that the trial court, in contravention of Code of Civil Procedure section 1032, ignored her "net monetary recovery and rather focused on her failure to win on all causes of action in order to deny she was the sole party entitled to costs." The trial court did not, however, award

10

defendant costs as a prevailing party under Code of Civil Procedure section 1032, subdivision (a)(4). Instead, it determined that defendant was the prevailing party on plaintiff's wage claim and was entitled to its costs under section 218.5, which expressly provides for a cost award to the prevailing party. Just as Code of Civil Procedure section 1032, subdivision (a)(4) does not necessarily determine the prevailing party for purposes of an attorney fees award under section 218.5, it also does not necessarily determine the prevailing party for purposes of a costs award under section 218.5. The logic applied to the attorney fees award above also applies to costs.

## II.     Plaintiff's Attorney Fee Award

Plaintiff contends that in awarding her attorney fees the trial court abused its discretion by failing to apply the "lodestar adjustment method" properly and by "commingl[ing] its analysis of prevailing party status in determining the proper amount of the award." The trial court acted within its discretion in awarding plaintiff attorney fees.

We review an attorney fees award for an abuse of discretion. (*Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 487.) "A trial court's exercise of discretion is abused only when its ruling exceeds the bounds of reason, all of the circumstances before it being considered. [Citation.]" (*Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1604, internal quotation marks omitted.)

### A.     *The Trial Court's Lodestar Analysis*

"[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.' [Citation.]" (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131-1132.) "'[T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of

11

the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award.  [Citation.]  The purpose of such adjustment is to fix a fee at the fair market value for the particular action. . . .  The "'experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.'" [Citation.]' [Citation.]" (*Chodos v. Borman* (2014) 227 Cal.App.4th 76, 92; *Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1134 ["The only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination.  [Citation.]"].)

Plaintiff contends that the trial court failed to calculate the lodestar properly because it did not determine the number of hours her counsel reasonably expended in litigating her successful Equal Pay Act claim.  She notes that her attorney fees motion set forth only those hours attributable to her Equal Pay Act claim or those hours "so closely intertwined therewith to make apportionment impractical."  Rather than base a fee award on her submission, plaintiff contends, the trial court "instead simply adopted without explanation [defendant's] contention that its counsel spent three-fourths of his time defending the unpaid general wage claim and then arbitrarily applied the difference to proportionately reduce the time plaintiff's counsel spent litigating the wage discrimination claim and the ensuing fee request to 25 percent of [her] claimed fees." She reasons that the "attorney time a defendant expends litigating a claim that it defeats cannot be said to be inversely proportionate to the amount of time a plaintiff expends litigating a different claim on which it prevails."  Applying the lodestar method properly, plaintiff contends, the trial court "was obligated to at least start with [her] billings and evidence in an attempt to apportion fees among her successful and unsuccessful claims." Instead, she argues, the trial court relied "solely" on defense counsel's claim that he spent 75 percent of his time defending her wage claim.

Plaintiff misconstrues the trial court's ruling.  The trial court specifically referenced plaintiff's claimed billing rates and the time several of plaintiff's counsel

12

claimed they spent on plaintiff's Equal Pay Act cause of action, and rejected the claim. As stated above the trial court ruled, "it appears that Plaintiff is unreasonably claiming almost all of the fees incurred in this action as being intertwined with the [Equal Pay Act cause of action]." That is, contrary to plaintiff's contention, the trial court started with plaintiff's "billings in an attempt to apportion fees among her successful and unsuccessful claims." As the trial court explained, it then used defendant's time estimate for its defense of plaintiff's wage claim as a basis for calculating the time plaintiff could have spent on her Equal Pay Act claim. The trial court's method of awarding plaintiff attorney fees was reasonable in light of its finding that plaintiff failed to support her attorney fees claim.

Next, plaintiff contends that the trial court erred when it awarded defendant 75 percent of its attorney fees under section 218.5 for its successful defense of plaintiff's wage claim and her 25 percent under section 1197.5 for her successful prosecution of her Equal Pay Act claim because she asserted three and not two causes of action. She contends that defense counsel must have spent some time defending plaintiff's unsuccessful overtime claim. She argues that if the trial court had properly considered such time, "it necessarily could not have properly applied a 75/25 split to fees. Instead, the 75 percent amount would under simple mathematical principles have had to be lowered to account for defendant's counsel's time spent" on the overtime claim.

Plaintiff fails to identify the "simple mathematical principles" that she claims support this argument. The trial court determined in the first instance that defense counsel's estimate that he spent 75 percent of his time defending the wage claim was reasonable. It then assigned the remaining 25 percent of the time to plaintiff's Equal Pay Act claim. As plaintiff agues, it was error for the trial court to not also have considered the time defense counsel and, thus, plaintiff's counsel spent litigating plaintiff's overtime claim. Because, however, the trial court reasonably assigned 75 percent of the attorneys' time to litigating the wage claim, any estimate of the time defense counsel and plaintiff's counsel spent on the overtime claim only would have reduced the time the trial court could have awarded plaintiff for time plaintiff's counsel spent on plaintiff's Equal Pay

13

Act claim. Thus, although the trial court should have factored in the amount of time defense counsel and plaintiff's counsel spent on plaintiff's overtime claim, plaintiff was the beneficiary of that error.

Finally, plaintiff contends that the trial court failed to engage in the two-part analysis for attorney fees awards in cases of limited success—i.e., when the plaintiff succeeded on some claims and not on others—set forth in *Hensley v. Eckerhart* (1983) 461 U.S. 424, 434 (*Hensley*). The record does not support plaintiff's contention.

The *Hensley, supra,* 416 U.S. 424 analysis is used to determine whether successful and unsuccessful claims are related such that an award of attorney fees for work on an unsuccessful claim may be awarded. (*Harman v. City and County of San Francisco* (2007) 158 Cal.App.4th 407, 417-418 (*Harman*).) The analysis asks, "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" (*Hensley, supra,* 461 U.S. at p. 434.) If, in answer to the first inquiry, the trial court determines that the claims were unrelated—i.e., they were based on different facts and legal theories—then the plaintiff is not entitled to attorney fees in connection with those unrelated claims. (*Harman, supra,* 158 Cal.App.4th at p. 417.) Only when the claims are found to be related, does a trial court proceed to the second part of the analysis. (*Ibid.*)

In its ruling on plaintiff's attorney fees motion, the trial court stated, "Applying *Hensley*, the initial lodestar calculation should exclude hours that were not reasonably expended in pursuit of successful claims; if successful and unsuccessful claims are found to be related (i.e., inextricably intertwined), the Court will evaluate the significance of the overall relief obtained by prevailing party in relation to the hours reasonably expended on the litigation with the degree of success obtained as the most critical factor. *Harman v. City and County of San Francisco* (2007) 158 Cal.App.4th 407, 417-418.)"

As to the first part of the *Hensley, supra,* 416 U.S. 424 analysis, plaintiff failed to prevail on her unpaid overtime and unpaid wages claims, which claims were unrelated to her Equal Pay Act claim that defendant paid her less than male employees for the same

work. This determination is implicit in the trial court's ruling that "it appears that Plaintiff is unreasonably claiming almost all of the fees incurred in this action as being intertwined with the [Equal Pay Act cause of action]"—i.e., plaintiff was incorrectly claiming that her unpaid overtime and unpaid wage claims were related to her Equal Pay Act claim. Because plaintiff failed to satisfy the first part of the *Hensley* analysis, the trial court properly did not include in plaintiff's attorney fees award fees incurred in connection with her overtime and wage claims.

### B. Plaintiff's "Commingling" Argument

Plaintiff quotes *Flannery v. California Highway Patrol* (1998) 61 Cal.App.4th 629, 647 for the proposition that "'[w]hether an [attorney fee] award is justified and what amount the award should be are two distinct questions, and the factors relating to each must not be intertwined or merged.'" She then argues that "the record amply demonstrates the trial court commingled its analysis of prevailing party status with its determination of the amount of the fee award due to [plaintiff]. The court equated [defendant's] analysis that three-fourths of its attorney's time was expended in defense of the unpaid general wage claim with a three-fourths prevailing party status."

The trial court first ruled that defendant was the prevailing party on plaintiff's wage claim because defendant obtained a defense verdict on that claim. Then, separately, the trial court found that defense counsel spent 75 percent of his time defending plaintiff's wage claim. Accordingly, the trial court did not intertwine or merge the factors relating to its conclusion that defendant was a prevailing party on plaintiff's wage claim and its determination that defense counsel spent 75 percent of his time on his defense of that claim, and then use that conclusion to determine the amount of time plaintiff spent on the claim on which she prevailed.

15

**DISPOSITION**

The attorney fees and cost orders are affirmed.  Defendant is awarded its costs on appeal.

**CERTIFIED FOR PARTIAL PUBLICATION**


MOSK, J.


We concur:


TURNER, P. J.


BAKER, J.