[No. B188203. Second Dist., Div. Six. Mar. 1, 2007.]

JESSICA ZUEHLSDORF, a Minor, etc., et al., Plaintiffs and Respondents, v. SIMI VALLEY UNIFIED SCHOOL DISTRICT et al., Defendants and Appellants.

## COUNSEL

Thurbon & McHaney, Robert E. Thurbon and Erin E. Mackey for Defendants and Appellants.

Rehwald Glasner & Chaleeff and William Rehwald for Plaintiffs and Respondents.

## OPINION

**COFFEE, J.**—Appellants are the Simi Valley Unified School District, Royal High School, the Marmonte Athletic League and its individual members. They prevented a student, Jessica Zuehlsdorf, from participating in high school athletics. Respondent David Zuehlsdorf, her father and guardian ad litem, filed a writ of mandate and an application for a temporary restraining order against appellants. His daughter was reinstated in the athletic program. The trial court awarded respondent $6,344 in attorney fees pursuant to Government Code section 800.[1] Appellants argue that the court erred because respondent had not satisfied the requirements of the attorney fees statute and was therefore not entitled to fees. We disagree and affirm.

---

[1] All further statutory references are to the Government Code unless otherwise noted.

## FACTS

Jessica Zuehlsdorf was a high school sophomore. In her freshman year she attended Los Angeles Baptist High School, a private school, where she played varsity basketball. Her father (respondent) developed health problems and could no longer afford private school tuition. He enrolled her at Royal High School (Royal), a public school. Jessica and her family live within the Royal High School District where they have resided for many years.[2]

Jessica had played varsity basketball at the private school and wished to play varsity soccer at Royal for the 2003–2004 season. Participation in high school sports is governed by the California Interscholastic Federation (CIF). Under the CIF requirements, Jessica could not play varsity basketball at Royal because she had participated in that sport at the private school. She was, however, permitted to play any other varsity-level sport at Royal, including varsity soccer.

As required by the CIF rules, Jessica completed a transfer eligibility form, which was signed by the principal of the private school, Royal's principal (Robert LaBelle) and approved by the southern section CIF director. Jessica tried out for varsity soccer and made the team. Before her first game, Jessica's coach, at the direction of Principal LaBelle, told her she could not participate.

Respondent filed a petition for writ of mandate on Jessica's behalf. He sought a temporary restraining order enjoining appellants from preventing her from playing varsity soccer at Royal. Appellants filed opposition, arguing that Royal is governed by the Marmonte League, which has its own constitution. It is composed of four school districts and eight high schools, represented by the school principals.

Appellants acknowledged that Jessica was eligible to play varsity soccer under CIF rules, but claimed that the CIF permits them to enact more stringent regulations concerning eligibility. Thus, Jessica was ineligible to play varsity soccer for one calendar year upon her enrollment within the Marmonte League. Appellants indicate that they held a special meeting to consider an appeal by respondent and reaffirmed their decision as to Jessica's eligibility.

---

[2] We refer to Jessica Zuehlsdorf by first name for purposes of clarity.

The ex parte application for the order to show cause (OSC) regarding the preliminary injunction and temporary restraining order (TRO) came before Judge Kent M. Kellegrew. He disclosed that his son participated in soccer at Simi High School and indicated that he may have had contact with the Marmonte League president. Judge Kellegrew denied the ex parte application for the TRO and permitted respondent to amend the writ petition to add the Marmonte League and its members as parties.

CIF issued a letter to respondent's counsel indicating that it had no objection to Jessica's participation in varsity soccer. It noted that, under CIF bylaws, the Marmonte League had authority to prevent her participation. Respondent filed an amended writ petition and again applied for a preliminary injunction. The court issued an OSC why Jessica should not be allowed to participate in varsity soccer.

### CIF Regulations and Marmonte League Constitution

CIF imposes certain eligibility requirements upon a transfer student's participation in athletic competition. According to CIF regulations, a student who transfers from one school to another "*without* a change of residence on the part of the parents [or] legal guardian" may continue to participate in varsity-level sports at the new school. There is one exception. The student may not compete in the same varsity-level sport he or she participated in during the year prior to the transfer. The rule applies to transfers between public schools, private schools as well as transfers between public and private schools. A student's eligibility must be approved by the principals of both the schools and the CIF before he or she can participate in the sport. Jessica satisfied all of the requirements.

Under article V, section 2 of the Marmonte League constitution, "[s]tudents who transfer to a school *other than the student's school of residence* . . . shall be ineligible for varsity athletic participation, which includes practices, from the effective date of the transfer for one calendar year." (Italics added.) The Marmonte League constitution does not define the term "school of residence." Appellants claimed in their opposition that Jessica's "school of residence" was her private school (Los Angeles Baptist High School), thus she was ineligible to play *any* varsity sport for one calendar year upon enrollment in a school within the Marmonte League.

### Written Ruling on OSC

The OSC hearing was held in December 2003. The court heard argument and took the matter under submission. It issued a written ruling granting the

TRO and preliminary injunction. The court enjoined appellants from obstructing or interfering with Jessica's participation in the varsity soccer program at "Royal High School and/or the Marmonte League."

The court ruled that appellants' reliance on the Marmonte League rules was misplaced because there was no definition of the term "school of residence" within its constitution or CIF regulations. It stated that "[t]he term 'school of residence' is not defined anywhere [in the Marmonte League Constitution or CIF rules]. . . . [¶] Ultimately, it is illogical and capricious for [appellants] to point to the CIF regulations and argue that [Jessica] be excluded from Marmonte League competition when the CIF has expressly approved [Jessica's] compliance with all CIF rules."

### Trial on Permanent Injunction

In November 2004, respondent moved to set the matter for trial, seeking a permanent injunction and to recover attorney fees under section 800.[3] Appellants filed opposition, arguing that a trial would be futile because they had complied with the injunction and Jessica had completed the soccer season. They contended that respondent's request was untimely because he had failed to file a request for attorney fees or a memorandum of costs following the order granting the injunction.

Judge Kellegrew subsequently recused himself pursuant to Code of Civil Procedure section 170.3. The matter was reassigned to Judge Steven Hintz who granted the motion and presided over the trial. After hearing live testimony and receiving documentary evidence, he took the matter under submission. Judge Hintz denied the application for the permanent injunction as moot because Jessica's transfer eligibility was no longer at issue.

The court granted respondent's motion for attorney fees and costs. In its minute order, the court stated that Judge Kellegrew's ruling on the OSC "clearly finds that the District's decision to exclude [Jessica] was arbitrary and capricious. . . . [Respondent] is entitled to the fees and costs that were incurred to overcome the District's decision, in the same manner as in an ordinary civil action, subject to the limitations of Government Code section 800."

Respondent filed a motion requesting $6,000 in attorney fees and $344 in costs, which the trial court granted. It issued a judgment indicating that the

---

[3] Section 800 allows a litigant who successfully challenges the determination of an administrative agency to recover attorney fees if the litigant demonstrates that the agency acted in an arbitrary or capricious manner.

application for a permanent injunction was moot because Jessica was no longer subject to the original transfer eligibility rule for the Marmonte League and that Marmonte had amended its rules to mirror the CIF rules. The court further stated that "the Marmonte League acted arbitrarily and capriciously to exclude [Jessica] from participating in Varsity Soccer at Royal High School, thus entitling [respondent] to Attorneys Fees and Costs under Government Code [section] 800, in the sum of $6,344." Appellants moved to set aside the judgment on the grounds that it was unsupported by the facts. The court denied the motion.

## DISCUSSION

The sole issue before us is whether the trial court properly awarded attorney fees in this case. Appellants argue that the court erred in granting respondent's motion for attorney fees because 1) there was no factual finding that appellants acted arbitrarily and capriciously as required by section 800; and 2) respondents were not "ultimately the prevailing party."

■ Section 800 permits a litigant who successfully challenges the determination of an administrative agency to recover attorney fees if the litigant demonstrates that the agency acted in an arbitrary or capricious manner.[4] (*Abshear v. Teachers' Retirement Board* (1991) 231 Cal.App.3d 1629, 1638 [282 Cal.Rptr. 833].) The statute sets out four conditions for the recovery of attorney fees: (1) a civil action to review a determination of an administrative proceeding; (2) the complainant prevailed against a public entity or official; (3) arbitrary or capricious action or conduct by a public entity or official; and (4) the complainant is personally obligated to pay the fees. (*Kreutzer v. County of San Diego* (1984) 153 Cal.App.3d 62, 78 [200 Cal.Rptr. 322].) Appellants argue that respondent is not entitled to fees because there was no factual finding that they acted arbitrarily or capriciously and respondent was not a prevailing party in the civil action.

### Finding of Arbitrary or Capricious Conduct

■ Appellants claim the issue of arbitrary or capricious conduct was never raised in any stage of the proceedings, briefed by the parties or argued

---

[4] Section 800 states in part, "In any civil action to appeal or review the award, finding, or other determination of any administrative proceeding under this code or under any other provision of state law . . . if it is shown that the award, finding, or other determination of the proceeding was the result of arbitrary or capricious action or conduct by a public entity or an officer thereof in his or her official capacity, the complainant if he or she prevails in the civil action may collect from the public entity reasonable attorney's fees, computed at one hundred dollars ($100) per hour, but not to exceed seven thousand five hundred dollars ($7,500), if he or she is personally obligated to pay the fees in addition to any other relief granted or other costs awarded."

to the trial court, thus it cannot form the basis of an attorney fees award under section 800. Arbitrary and capricious conduct includes " 'conduct not supported by a fair or substantial reason [citation], a stubborn insistence on following unauthorized conduct [citation], or a bad faith legal dispute [citation].' " (*Halaco Engineering Co. v. South Central Coast Regional Com.* (1986) 42 Cal.3d 52, 79 [227 Cal.Rptr. 667, 720 P.2d 15]; *Reis v. Biggs Unified School Dist.* (2005) 126 Cal.App.4th 809, 823 [24 Cal.Rptr.3d 393].) Whether conduct was arbitrary and capricious is a question of fact within the sound discretion of the trial court. (*Reis*, at p. 823; *Kruetzer v. County of San Diego, supra*, 153 Cal.App.3d at p. 78.)

According to the CIF rules, Jessica was permitted to play varsity soccer at Royal. As required by CIF, the principals of both her private school and Royal signed her transfer eligibility form, which was approved by the CIF. After Jessica made the team, Principal LaBelle told her she could not compete. The Marmonte League offered no explanation, except to say that its league rules prevented her participation. When pressed, it pointed to a rule that "[s]tudents who transfer to a school other than the student's school of residence . . . shall be ineligible for varsity athletic participation . . . ." The meaning of "school of residence" was not defined in the Marmonte League constitution or in the CIF rules.

Judge Kellegrew issued a detailed written decision concluding that the Marmonte League's exclusion of Jessica, based on their own rule whose terms they could not define, was "illogical and capricious." He noted that, if the rule was interpreted as the Marmonte League suggested, a student would never know if he or she was qualified to participate. Contrary to appellants' argument, the court made a very clear factual finding that their conduct was capricious. There was no abuse of discretion.

### *Respondent Prevailed in the Civil Action*

Appellants claim the preliminary injunction could not have supported an award of attorney fees because it was not a final order or judgment. They argue that the final judgment following the court trial was likewise an improper basis for fees because respondent's request for a permanent injunction was denied—thus he was not a prevailing party.

Appellants do not contend, and there is no indication in the record, that the fee award was made pursuant to the grant of the preliminary injunction. Rather, it was based upon the judgment following the court trial. The question before us is whether respondent can be considered to have prevailed at trial, despite Judge Hintz's denial of the permanent injunction as moot.

■ "The definition of prevailing party is not uniform under California law, and many attorney fees statutes contain a technical definition applicable to the particular statutory scheme." (*Donner Management Co. v. Schaffer* (2006) 142 Cal.App.4th 1296, 1309 [48 Cal.Rptr.3d 534].) Section 800 does not contain such a definition. Courts have rejected reliance on the definitions of a prevailing party found in Code of Civil Procedure section 1032 (general cost statute) or Civil Code section 1717 (contractual attorney fees) to determine what constitutes a prevailing party. (*Donner*, at pp. 1309–1310.)

■ "In the absence of legislative direction in the attorney fees statute, the courts have concluded that a rigid definition of prevailing party should not be used. [Citation.] Rather, prevailing party status should be determined by the trial court based on an evaluation of whether a party prevailed ' " 'on a practical level,' " ' and the trial court's decision should be affirmed on appeal absent an abuse of discretion." (*Donner Management Co. v. Schaffer, supra,* 142 Cal.App.4th at p. 1310; see *Gilbert v. National Enquirer, Inc.* (1997) 55 Cal.App.4th 1273, 1277–1278 [64 Cal.Rptr.2d 659].) Among the factors the trial court must consider in determining whether a party prevailed is the extent to which each party has realized its litigation objectives. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 622 [71 Cal.Rptr.2d 830, 951 P.2d 399]; *Castro v. Superior Court* (2004) 116 Cal.App.4th 1010, 1018, 1022–1024 [10 Cal.Rptr.3d 865].)

Here, respondent sought to have Jessica reinstated on the soccer team. After filing a writ and TRO, appellants permitted her to rejoin the program. As is apparent from Judge Kellegrew's written ruling, he considered in detail the merits of the action. He reviewed the rules promulgated by the CIF and the Marmonte League, recounted in detail the factual circumstances surrounding the conflict and issued a decision on the merits of the action. He made extensive factual findings, including those related to appellants' conduct. After the TRO issued, appellants took no further steps to dispute the decision. Respondent subsequently moved for a trial and an award of attorney fees.

■ When the matter came before Judge Hintz, he heard the testimony of witnesses, considered documentary evidence and issued a decision in which he cited to Judge Kellegrew's findings that appellants acted capriciously in preventing Jessica's participation on the team. Although Judge Hintz denied the permanent injunction as moot, this did not deprive respondent of prevailing party status entitling him to fees. He was successful in his attempt to have Jessica reinstated in the program while appellants failed in their efforts to prevent her participation. Moreover, the award of fees achieved the legislative

purpose underlying the statute: to prohibit the arbitrary or capricious actions of a public entity. The trial court did not abuse its discretion in determining that respondent was a prevailing party, thus he is entitled to attorney fees under section 800.

The judgment is affirmed. Costs on appeal are awarded to respondent.

Gilbert, P. J., and Perren, J., concurred.

Appellants' petition for review by the Supreme Court was denied June 13, 2007, S151717.