Filed 12/10/25  German v. La Floure CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CLAUDIA GERMAN,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LA FLOURE, LLC et al.,<br><br>    Defendants and Appellants. | D086600<br><br><br>(Super. Ct. Nos.<br>RIC2001841, CVRI2301756) |

APPEAL from an order of the Superior Court of Riverside County, Chad W. Firetag, Judge.  Reversed.

Law Offices of James M. Donovan, James M. Donovan and Michael J. Glenn, for Defendants and Appellants.

Employees First Labor Law, Jonathan P. LaCour, Lisa Noveck, Jameson Evans and Amanda M. Thompson, for Plaintiff and Respondent.

Plaintiff Claudia German filed two separate complaints against La Floure, LLC and Joe DiBenedetto (collectively, Defendants), her former employers, alleging multiple violations of the California Fair Employment and Housing Act (FEHA) and the Labor Code. The complaints were consolidated for trial and, following a bench trial, the court ruled in favor of German as to one complaint, but found for Defendants on the other. On German's motion, the court applied the test set forth in Code of Civil Procedure[1] section 1032 for determining who was the "prevailing party" for purposes of costs and attorney's fees. As to German's claims under the Labor Code, it decided she prevailed because she achieved a "net monetary recovery" of more than $11,000 and awarded her attorney's fees and costs.

On appeal, Defendants assert the trial court applied the wrong legal standard and should have determined that neither party prevailed in the underlying matter. As a result, they claim, the court erred when it deemed German the prevailing party and awarded her attorney's fees and costs. We agree that the court misunderstood the applicable standard, and for that reason we must reverse the order and remand for additional proceedings. We do not agree with Defendants that the court was compelled to find there was *no* prevailing party. We thus express no opinion on what result the trial court should reach after applying the correct standard.

## FACTUAL AND PROCEDURAL BACKGROUND

In her initial complaint against Defendants (the FEHA Complaint), German claimed she had been wrongfully terminated during her pregnancy and alleged 11 causes of action including discrimination and retaliation. Her second complaint (the Wage and Hour Complaint) asserted an additional

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

eight causes of action for various Labor Code violations. The two complaints were consolidated for a bench trial, after which the court issued a written statement of decision finding in favor of German on the Wage and Hour Complaint and awarding her $11,594.80 in damages. At the same time, the court ruled in favor of Defendants on the FEHA Complaint.

German then moved for an order deeming her the prevailing party and filed a memorandum of costs. Defendants challenged the motion only, apparently arguing that German was not the prevailing party because her final award was far less than the amount she initially sought.[2] Applying the "prevailing party" standard applicable to an award of costs under section 1032, the court ultimately concluded that German was "the prevailing party for purposes of her wage and hour claims." But it also reiterated that she was not the prevailing party on "any claims related to FEHA."

In the wake of the court's ruling, both parties filed and opposed a series of motions.[3] Defendants moved for reconsideration of the court's prevailing party determination, asserting there could be no prevailing party where neither side had a " 'complete and unqualified' " victory. The trial court denied the motion. At the outset, the court pointed out that Defendants had not presented a proper basis for reconsideration under section 1008, nor had they introduced any other statutory authority for their motion.

---

[2]    Defendants did not include the trial court papers in the record on appeal. Our understanding of the arguments is based on the court's three-page ruling.

[3]    Defendants included in the record only their moving papers on the motion for reconsideration and none of the papers on German's motion for attorney's fees. We remind counsel that it is the appealing party's responsibility to provide a complete record, including all the relevant papers filed by both sides. (See generally *Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039.)

It also explained that the case authority cited by Defendants was inapplicable because it discussed prevailing party determinations in breach of contract actions where fees and costs are based on Civil Code section 1717. By contrast, this case involved statutory claims where the statute included a prevailing party attorney's fee provision.

At the same time, German filed a motion for attorney's fees and costs pursuant to section 1032 and Labor Code sections 218.5, 226, and 1194. She sought attorney's fees in the total amount of $293,984.38, which included a multiplier of 1.25, and costs of $17,661.69. As relevant here, Defendants' opposition—filed before the court ruled on their motion for reconsideration— apparently claimed the requested fees and costs were not justified due to German's limited recovery of damages, but failed to challenge any specific billing practices, rates or entries.[4]

After reducing the requested rates to ones it deemed more reasonable, and noting that none of amounts requested were solely for FEHA claims, the court awarded German $163,440.00 in attorney's fees. As for costs, the court awarded her the full sum of $17,661.69, explaining she was entitled to the amounts listed in her memorandum of costs due to the lack of challenge or opposition by the defendants.

Defendants appeal the final order awarding German attorney's fees and costs, but contest only the court's preliminary "prevailing party" determination.

---

[4]  See *ante*, fn. 2.

DISCUSSION

Although the parties dispute the proper standard of review, we agree with Defendants that at least part of our review is de novo. " ' "On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion. However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law." ' " (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751.)

Section 1032 defines a prevailing party as "the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant." (*Id.*, subd. (a)(4).) Unless otherwise provided by statute, prevailing parties are entitled to recover costs as a matter of right. (*Id.*, subd. (b).) There is no dispute German prevailed on her Wage and Hour Complaint as the "party with a net monetary recovery" given that she was awarded $11,594.80 on that claim, and Defendants do not challenge the cost award on appeal.[5]

---

[5] Likewise, Defendants have not challenged the availability of fees and costs under any of the relevant Labor Code sections. Although German was deemed the prevailing party on her Wage and Hour Complaint under section 1032, costs are only awarded under that section where no Labor Code section applies. (*Cruz v. Fusion Buffet, Inc.* (2020) 57 Cal.App.5th 221, 239.) Instead, "where the one-way cost shifting provisions of Labor Code sections 1194 and 218.5 apply, they serve to override the more general cost shifting provision[] of [section] . . . 1032." (*Chavez v. California Collision, LLC* (2024) 107 Cal.App.5th 298, 309.) It is likely German would have recovered fees and costs under either Labor Code section 218.5, 226, or 1194 regardless of the court's determination under Code of Civil Procedure section 1032.

The primary question we address here is whether the same prevailing party standard applies to the award of attorney's fees under Labor Code sections 218.5, 226, and 1194. German contends it does, and the trial court agreed. Defendants insist the trial court was required to follow the standard articulated in *Hsu v. Abbara* (1995) 9 Cal.4th 863 (*Hsu*) to conclude there was no prevailing party in this matter. In their view, German's final award of $11,594.80 is insufficient to support the court's determination that she is the prevailing party when compared to her initial demand of roughly $200,000.

In *Hsu*, the Supreme Court conducted the prevailing party analysis under Civil Code section 1717, a statute which concerns the award of attorney's fees in actions "on a contract" that specifically provides for the award of such fees to one or both of the parties. The starting point for the court's analysis was the language in Civil Code section 1717 stating that a trial court "may also determine that there is no party prevailing on the contract for purposes of this section." (*Hsu*, *supra*, 9 Cal.4th at p. 871.) Because use of the word "may" in the statute "vest[ed] the trial court with discretion in making the prevailing party determination," the Supreme Court held that where the results of litigation on the contract claims are mixed— i.e., where the plaintiff obtains only part of the relief sought on the contract claims—the court could decide that neither party "prevailed" based on " 'the extent to which each party ha[s] succeeded and failed to succeed in its contentions.' " (*Id.* at p. 871; *id.* at pp. 875–876.) The trial court in this case rejected application of *Hsu*, concluding it was limited to the award of attorney's fees based on contract claims.

But the trial court's conclusion does not withstand analysis of the relevant caselaw. Where a statute provides for the award of attorney's fees to a "prevailing party," but does not specifically define the concept, California

6

courts have generally rejected the automatic application of the definition found in section 1032. (See, e.g., *Duff v. Jaguar Land Rover North America, LLC* (2022) 74 Cal.App.5th 491, 504 (*Duff*); *Galan v. Wolfriver Holding Corp.* (2000) 80 Cal.App.4th 1124, 1129; see also *MacQuiddy v. Mercedes-Benz USA, LLC* (2015) 233 Cal.App.4th 1036, 1047 ["A prevailing party under section 1032 is not necessarily a prevailing party under a separate attorney fee statute"].) Instead, the cases have applied a more holistic and pragmatic approach that assesses the extent to which a party achieved its overall litigation objectives as well as the underlying purposes that the attorney's fee provision seeks to achieve. (*Duff,* at pp. 502–504 [citing *Hsu*]; *Castro v. Superior Court* (2004) 116 Cal.App.4th 1010, 1019, 1022 [same]; *Zuehlsdorf v. Simi Valley Unified School Dist.* (2007) 148 Cal.App.4th 249, 257 (*Zuehlsdorf*); *Winick Corp. v. Safeco Insurance Co.* (1986) 187 Cal.App.3d 1502, 1507–1508.) This pragmatic approach recognizes that in the absence of express legislative direction to the contrary, the trial court has the discretion to determine that neither party prevailed for the purpose of awarding attorney's fees. (*Olive v. General Nutrition Centers, Inc.* (2018) 30 Cal.App.5th 804, 825–827 [relying on *Hsu*].)

This court has previously addressed this issue on at least two occasions. In *Reveles v. Toyota by the Bay* (1997) 57 Cal.App.4th 1139, 1158 (*Reveles*), we considered a plaintiff's claims against an automobile car dealer that allegedly sold him a defective used car. One of those claims was based on the Song-Beverly Consumer Warranty Act (Song-Beverly Act) (Civ. Code, § 1790 et seq.), which allowed a prevailing buyer to recover " 'costs and expenses, including attorney's fees.' " (*Reveles*, at p. 1158.) After first determining that the plaintiff was entitled to costs under section 1032 because he obtained a " 'net monetary recovery' " (*Reveles*, at p. 1151),

7

we applied the same definition of a "prevailing party" to approve the award of attorney's fees. (*Id.* at p. 1158.) We noted that where "the statute does not define 'prevailing party,' we use the general definition of . . . section 1032." (*Reveles*, at p. 1154.)

We had occasion to reexamine our *Reveles* conclusions in *Duff*, *supra*, 74 Cal.App.5th 491, another case involving claims under the Song-Beverly Act. After surveying decisions from the intervening 25 years, we noted that *Reveles* "appears to be a minority position among California appellate courts," which have generally "elected to take a more 'pragmatic' and less restrictive approach to assess whether a buyer has prevailed." (*Duff*, at p. 502; see also *Donner Management Co. v. Schaffer* (2006) 142 Cal.App.4th 1296, 1310 (*Donner*).) Electing to adopt that approach in lieu of the "mechanical" rule in *Reveles*, we concluded that the trial court had "applied the wrong legal standard" in determining whether the plaintiff was the prevailing party. (*Duff*, at p. 504.) We accordingly remanded the matter to permit the court to reconsider the prevailing party question by applying the proper pragmatic approach. (*Id.* at pp. 504–505.)

We infer from this line of cases a general rule—applicable to statutory and contract fee requests alike—employing a broad-based pragmatic analysis in determining the prevailing party on a claim that provides for the award of attorney's fees, at least in the absence of legislative direction to the contrary. (*Donner*, *supra*, 142 Cal.App.4th at p. 1310; *Zuehlsdorf, supra*, 148 Cal.App.4th at p. 257.) Indeed, we have located at least one decision that applied this "pragmatic" approach in the specific context of a case, like this one, that included wage and hour claims under the Labor Code. (*Sharif v. Mehusa, Inc.* (2015) 241 Cal.App.4th 185 (*Sharif*).) In *Sharif*, the jury awarded damages to the plaintiff on her Equal Pay Act claim, but found for

8

the defendant on overtime and wage claims. Each party filed a motion for attorney's fees and costs, claiming to be the prevailing party on a portion of the case. The trial court separately analyzed the competing motions, awarding to each only a portion of the total fees and costs incurred in litigating the case. (*Id.* at pp. 189–190.)

The Court of Appeal affirmed. It declined to rigidly apply the prevailing party definition of section 1032 in favor of determining on a practical level which party prevailed on a particular claim, specifically rejecting plaintiff's argument that a "net monetary recovery" was determinative. (*Sharif, supra*, 241 Cal.App.4th at pp. 192, 194.) It also held that where a plaintiff joins separate statutory claims, each of which entitles the prevailing party to an award of attorney's fees, the court must determine the prevailing party separately as to each claim such that "there can be two different prevailing parties under separate statutes in the same action."[6] (*Sharif*, at p. 194.)

Here, the trial court properly found that Defendants were the prevailing parties on German's FEHA claim. But in making the prevailing party determination on the wage and hour claims, the court erred in applying

_____

[6]      German's two complaints, consolidated for trial, alleged separate violations of FEHA and the Labor Code. Thus, because both FEHA and the Labor Code include separately applicable fee-shifting provisions, the trial court could correctly deem German the prevailing party on her wage and hour claims even as it concluded that Defendants were the prevailing parties on German's FEHA claims. If Defendants qualified for attorney's fees as prevailing parties under FEHA, they could have sought fees on that basis as to those claims. (See generally Gov. Code, § 12965, subd. (c)(6).) It is settled, however, that a prevailing *defendant* on a FEHA claim cannot be awarded fees "unless the court finds the action was objectively without foundation when brought, or the plaintiff continued to litigate after it clearly became so. (*Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 115.) The court made no such finding in this case.

9

the section 1032 definition to the exclusion of any other consideration. Where a plaintiff achieves less than complete success on a claim that includes the right to recover attorney's fees, making the pragmatic determination of who "prevailed" involves a balancing of varied and subtle factors, a task that the trial judge is uniquely qualified to perform. (See *Pollock v. Kelso* (2025) 107 Cal.App.5th 1190, 1195.) Although a plaintiff's "net monetary recovery" is certainly an important factor to consider and may often be persuasive, it is not always determinative. A court should assess what was really "in dispute" at the outset of the case and whether circumstances shifted before significant litigation costs were incurred.

Importantly, the mere fact that a plaintiff did not recover everything they sought is seldom sufficient reason to find they did not prevail for purposes of an attorney's fees award.[7] (See *Scott Co. of California v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1109.) In particular, in determining whether there was a prevailing party, the court must liberally construe remedial provisions of the Labor Code, including those that provide for attorney's fees, "with an eye to benefitting employees and promoting their protection." (*Villalva v. Bombardier Mass Transit Corp.* (2025) 108 Cal.App.5th 211, 222.) The potential recovery of attorney's fees is frequently critical to employees' ability to pursue wage and hour claims against economically powerful employers. Denying a fee request merely because the employee recovered

---

[7] Moreover, even where the attorneys' work applied to related claims, only some of which were successful, the trial court should evaluate whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." (*Hensley v. Eckerhart* (1983) 461 U.S. 424, 434; accord *Environmental Protection Information Center v. Department of Forestry & Fire Protection* (2010) 190 Cal.App.4th 217, 239.) The court always has discretion to reduce the requested amount "if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." (*Hensley*, at p. 440.)

less than they asked for could discourage meritorious wage and hour claims and frustrate fundamental legislative policy. (*Ibid.*)

In the end, we follow the same course here as we did in *Duff*. Because the trial court relied exclusively on section 1032 and "applied the wrong legal standard" to determine the prevailing party, viewing costs and attorney's fees as involving identical inquiries, we must remand the matter for the trial judge to reconsider whether German was the prevailing party on her Wage and Hour Complaint or, alternatively, whether there was no prevailing party for purposes of attorney's fees. (*Duff*, *supra*, 74 Cal.App.5th at p. 504.) However, we specifically reject Defendants' assertion that there is no prevailing party *as a matter of law*. The trial judge is in a far better position than we to determine whether German was, in practical terms and consistent with the underlying purposes of the relevant Labor Code provisions, the prevailing party entitled to an award of attorney's fees. Where the court applies the proper standard, its conclusion will be affirmed absent a manifest abuse of discretion.

## DISPOSITION

The order awarding attorney's fees is reversed for further proceedings consistent with this opinion. Defendants are entitled to costs on appeal.

DATO, Acting P. J.

WE CONCUR:

KELETY, J.

CASTILLO, J.

11